**In re: Walter J. TILLMON, Petitioner.**

No. 06–1435.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. March 10, 2006.

Filed: June 29, 2006.

Walter J. Tillmon, Chester, PA, pro se.

John O.J. Shellenberger, III, Office of Attorney General of Pennsylvania, Philadelphia, PA, for Respondent.

Before: Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Pro se petitioner Walter J. Tillmon seeks a writ of mandamus to compel the United States District Court for the Eastern District of Pennsylvania to reach an immediate decision on his petition for a writ of habeas corpus.

Tillmon filed his petition for a writ of habeas corpus on October 4, 2004. On December 3, 2004, the Commonwealth filed its answer to Tillmon's habeas petition. Tillmon then requested permission to file a traverse and later sought an extension of time in which to do so. The Court granted both requests. Tillmon's traverse and a motion to amend his habeas petition were filed on March 30, 2005. On April 6, 2005, the Court granted Tillmon's motion and ordered Tillmon's brief in support of his habeas petition amended as requested. The following month, Tillmon filed a request for a temporary restraining order or a preliminary injunction, seeking to enjoin defendants from retaliating against him for seeking relief through the courts.

On April 28, 2006, after Tillmon had filed the instant petition, the Magistrate Judge issued a Report & Recommendation, recommending that Tillmon's habeas petition be denied and dismissed as time-barred. On June 13, 2006, the District Court entered an order adopting the Report & Recommendation as the opinion of the Court, and denying Tillmon's habeas

**138**

petition, his request for a temporary restraining order and/or preliminary injunction, and his request for immediate action. Because Tillmon has now received the relief he sought in filing his mandamus petition—a ruling on his habeas corpus petition and related motions—we will deny his mandamus petition as moot.